# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### DOCKET NO. 1:18-cr-00100-MOC-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| JUSTIN RYAN HUSKEY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Unopposed Motion for Early Termination of Supervision. (Doc. No. 86).

## I.      BACKGROUND

Justin Huskey pleaded guilty to assault in late 2018. Ten months later, this Court sentenced him to time served with two years of supervised release. Huskey's supervision has been thrice revoked. Most recently, in July of 2022, he was sentenced to time served and an additional term of three years supervised release.

When the Court released Huskey in July 2022, it was to attend a residential substance abuse treatment program. Huskey has since completed a year of residential treatment, obtained his GED, and moved home to his mother. He has also secured employment pending his ability to get a driver's license. Huskey's probation officer—who does not oppose Defendant's motion—reports that Huskey has been a model citizen since his release in July 2022. The Government does not oppose Huskey motion. Nevertheless, Defendant has roughly two years left on his term of supervised release.

## II.      DISCUSSION

The Court may "terminate a term of supervised release and discharge the defendant

released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early release from supervised release is appropriate when the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted).

"One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." Id. at 652. Consequently, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Id. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). If it were, then "the exception would swallow the rule." McKay, 352 F. Supp. 2d at 361. Ultimately, the decision whether to terminate a term of supervised release is within the Court's discretion. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

The Court finds that Huskey has navigated his latest term of supervised release with flying colors. For this reason—and because his probation officer does not oppose early termination—this Court finds early termination appropriate under the circumstances.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Early Termination of Supervision, (Doc. No. 86), is **GRANTED**.

Max O. Cogburn Jr.
United States District Judge